United States District Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACOB ARNOLD GONZALEZ, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00283 |
| DIRECTOR TDCJ - CID, | § § | |
| Respondent. | § § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Jacob Arnold Gonzalez, is a state prisoner incarcerated at the Beto Unit in Tennessee Colony, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2012 Nueces County conviction (Case Number 11-CR-1519-C) for capital murder. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment to which Petitioner has failed to respond. (D.E. 18). Pursuant to Local Rule 7.4, the failure to file a response is taken as a representation of no opposition to Respondent's Motion. For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 18) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

1 / 8

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On March 22, 2012, Petitioner, after pleading guilty pursuant to a plea agreement, was sentenced to life imprisonment without parole for capital murder. (D.E. 15-7, Pages 6-9). Petitioner appealed this conviction and the appeal was dismissed on September 21, 2017 by the Thirteenth District Court of Appeals. (D.E. 15-2).

Petitioner filed a state habeas petition on June 12, 2020, which was denied without written order on findings of the trial court without a hearing and on the court's independent review of the record on November 25, 2020. (D.E. 15-6 and D.E. 15-7, Pages 26, 30 and 118-119); *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013) (State habeas applications are filed when delivered to prison authorities for mailing, not when stamped by the clerk of court). Petitioner then filed this federal habeas action on October 27, 2021. (D.E. 1, Page 10); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (For AEDPA limitations, a federal habeas petition is filed on the date a petitioner delivers it to prison authorities for mailing).

## III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the

Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on October 23, 2017,[1] when the period for timely seeking discretionary review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (When a federal habeas petitioner does not appeal to his state's highest court, his conviction becomes final when his time for seeking review with the state's highest court

---

[1] The 30-day period ended Saturday, October 21, 2017, making Petitioner's conviction final the following Monday, October 23, 2017. Tex. R. App. P. 4.1 (If the last day of a deadline falls on a Saturday, Sunday or legal holiday, the period extends to the next that is not one of those three).


expires); Tex. R. App. P. 68.2 (Thirty days to file a petition for discretionary review with the Texas Court of Criminal Appeals).  As such, Petitioner had one year, until October 23, 2018, to timely file a federal application for habeas corpus relief.  Petitioner's state habeas petition, filed on June 12, 2020, did not toll the limitations period as it was filed after the limitations period had expired.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (State habeas applications filed after the expiration of the federal limitations period do not statutorily toll the limitations period); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (Same).  Therefore, Petitioner's federal habeas petition, filed on October 27, 2021, was filed over three years too late.  (D.E. 1, Page 10).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, 791 F. App'x 441, 443 (5th Cir. 2019).  A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)).  "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted).  Nor does unfamiliarity with the legal process

(whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citation omitted).

In his Petition, Petitioner does not allege any reasons to support suggest equitable tolling applies, asserting only "that he should be excused for the extended delay in asserting the constitutional error due to lack of availability of assistance in legal matters, and if the error presented is not corrected by the Court, counsel will continue to make the same errors without fear of being corrected." (D.E. 1, Page 9). Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over three years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

### IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may

*sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that

the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

For the reasons stated above, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 18) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

ORDERED on April 20, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).